UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────

YAIR ISRAEL BABAYOFF,

            Plaintiff,

   v.

OCEAN COUNTY NEW JERSEY;
TOWNSHIP OF JACKSON NEW JERSEY;
TOWNSHIP OF TOMS RIVER NEW
JERSEY,

            Defendants.

**TRANSFER ORDER**
22-CV-4364 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On July 25, 2022, Plaintiff, who resides in Queens, New York, filed this *pro se* action against three local governmental entities in New Jersey: Ocean County, the Township of Jackson, and the Township of Toms River, concerning his criminal prosecution in the Superior Court of New Jersey, Criminal Division, Ocean County Courthouse, located in Toms River, New Jersey. *See State v. Babayoff*, No. 21001205 (N.J. Super. Ct. filed June 15, 2022). Plaintiff seeks immediate and permanent injunctive relief, to wit, the appointment of a different attorney in his criminal case and the adjournment of the post-indictment arraignment that was scheduled for the morning of July 25, 2022, because of his unspecified "ongoing medical condition." ECF No. 1 at 5–7; ECF No. 4 at 2. For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

Under the general venue provision, 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as

1

provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Eastern District of New York is not the proper venue for this action. The defendants are all located in New Jersey—outside this district. New Jersey is also the locus of the events or omissions giving rise to the complaint. Accordingly, the Court finds that venue is not proper in the Eastern District of New York. The Court therefore transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1406(a).

## CONCLUSION

Accordingly, the Clerk of Court is directed to immediately transfer this action to the United States District Court for the District of New Jersey. A ruling on whether Plaintiff should be permitted to proceed further without prepayment of fees, granted immediate injunctive relief, or granted his application for the Court to request counsel is reserved for the transferee Court. ECF Nos. 2, 3, 4. The Court offers no opinion on the merits of this action. Rule 83.1 of the Local Rules for the Eastern District of New York, which requires a seven-day delay in the transfer of relevant case materials, is waived. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

                                                    */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
         July 26, 2022